```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF HAWAII
```

|                              |   |                          |
|------------------------------|---|--------------------------|
| THOMAS P. KIRSCH,            | ) |                          |
|                              | ) |                          |
|     Plaintiff,               | ) |                          |
|                              | ) | Civ. No. 16-00284 ACK-RLP |
|     vs.                      | ) |                          |
|                              | ) |                          |
| LEI FLOOR AND WINDOW         | ) |                          |
| COVERINGS, INC.,             | ) |                          |
|                              | ) |                          |
|     Defendant.               | ) |                          |
|                              | ) |                          |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF THOMAS P. KIRSCH'S COMPLAINT AGAINST LEI FLOOR AND WINDOW COVERINGS, INC.

For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss Plaintiff Thomas P. Kirsch's Complaint Against LEI Floor and Window Coverings, Inc. ("Motion to Dismiss"), ECF No. 8.

### FACTUAL BACKGROUND

Plaintiff Thomas P. Kirsch ("Plaintiff") was hired by Defendant LEI Floor and Window Coverings, Inc. ("LEI" or "Defendant") in July 2014 as "a Warehouse Personnel."  Compl. ¶ 7, ECF No. 1.  On June 24, 2015, Plaintiff suffered a work-related injury, which resulted in his physical disabilities. Id. ¶ 8.  The same day he was injured, Plaintiff was informed by John Burkett ("Burkett"), the owner of LEI, that he was terminated from his employment.  Id. ¶ 9.  Burkett refused to

give any reasons for Plaintiff's discharge, despite Plaintiff's request for clarification.  Id. ¶ 10.

Plaintiff was qualified for the position for which he was terminated and was capable of performing his job duties. Id. ¶¶ 11-12.  Plaintiff was terminated because of his disability.  Id. ¶ 13.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint against Defendant on June 2, 2016.  Plaintiff raises one claim against Defendant for disability discrimination pursuant to the American with Disabilities Act of 1990, based on his allegations that he was terminated on account of his disability.  Compl. ¶¶ 14-20.

Defendant filed a Motion to Dismiss Plaintiff's Complaint on September 15, 2016.  ECF No. 8.  Plaintiff filed his Opposition on December 19, 2016.  ECF No. 11.  Defendant filed its Reply on December 26, 2016.  ECF No. 13.  The Court held a hearing on the Motion to Dismiss on January 9, 2017.

## STANDARD

**I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), a party may move to dismiss based on a lack of subject matter jurisdiction.  "[T]he party asserting subject matter jurisdiction has the burden of proving its existence."  Robinson

v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (citation omitted).

Challenges to the Court's subject matter jurisdiction can be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

**II.  Motion to Dismiss for Failure to State a Claim**

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In resolving a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as

3

true.  Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

When the Court dismisses a complaint pursuant to Rule 12(b)(6) it should grant leave to amend unless the pleading cannot be cured by new factual allegations.  OSU Student All. v. Ray, 699 F.3d 1053, 1079 (9th Cir. 2012).

## DISCUSSION

### I. Jurisdictional Issues and Failure to Plead that Defendant Was a "Covered Employer"

Defendant first claims that Plaintiff failed to properly allege jurisdiction because the Complaint claims the Court has jurisdiction pursuant to the American with Disabilities Act of 1990 ("ADA") as opposed to the American with Disabilities Act Amendments Act of 2008 ("ADAA").  Memorandum in

Support of Motion to Dismiss ("Mem."), at 6.  The Court rejects this argument.

The ADAAA was passed by Congress in 2008 and amended the ADA.  The purpose of the ADAAA was "[t]o restore the intent and protections of the [ADA] of 1990."  <u>Rohr v. Salt River Project Agric. Improvement & Power Dist.</u>, 555 F.3d 850, 853 (9th Cir. 2009) (alteration in original) (quoting Pub. L. No. 110-325, 122 Stat. 3553 (2008)).  The ADAAA rejected several United States Supreme Court cases that provided a narrow definition of the term "disability."  <u>Id.</u> at 861.  Although the ADAAA applies to Plaintiff's case, the Court does not find Plaintiff's failure to plead jurisdiction under the ADAAA as destructive to his claims.  Defendant has not cited any support to the contrary.

Defendant further claims that the Court lacks subject matter jurisdiction over Plaintiff's claim because Defendant is not a covered employer as defined under the ADAAA.  Mem., at 6.  On this basis, Defendant argues that the Complaint should be dismissed pursuant to Rule 12(b)(1).

The ADAAA prohibits a "covered entity" from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  A covered entity is defined

as "an employer, employment agency, labor organization, or joint labor-management committee."  42 U.S.C. § 12111(2).  In turn, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person."  42 U.S.C. § 12111(5)(A).

      Defendant argues that it does not meet the definition of a covered employer under the statute because it "never employed" the requisite number of employees.  Mem., at 7.  In support of its claim, Defendant attached to its Motion to Dismiss a Declaration from John Burkett, Defendant's owner, stating that at the time Plaintiff was terminated, LEI "did not have 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."  Burkett Decl. ¶ 3, ECF No. 8-2.  In turn, in his Opposition, Plaintiff attached Burkett's Hawaii Civil Rights Commission ("HCRC") "Response to a Complaint of Discrimination" in which he appears to have indicated that LEI employs 15 individuals.  Brower Decl., Ex. 1, ECF No. 11-2.  In its Reply, Defendant asserts that the latter statement from Burkett indicated the "total number of different employees employed [by] LEI Floor during the year" but that LEI never had "a total of 15 or more

6

[employees] at any one given time." Reply, at 3 (emphasis omitted) (quoting Burkett Decl. ¶¶ 4-5, ECF No. 13-1).

        The Court must first consider whether the employee numerosity requirement in the ADA as amended by the ADAAA is jurisdictional.  Defendant has not cited to any authority to support its claim that the requirement is jurisdictional and that Plaintiff's Complaint should be dismissed for lack of jurisdiction.  Several courts that have considered this question, however, have determined that the ADA's employee numerosity requirement is nonjurisdictional and is instead a substantive element of a plaintiff's claim.  These decisions are based on the United States Supreme Court's decision in <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500 (2006).

        In <u>Arbaugh</u>, the Court was faced with the question of whether the numerosity requirement in Title VII was jurisdictional.  <u>Id.</u> at 503.  As with the ADA, Title VII "limit[s] the definition of "'employer' to include only those having 'fifteen or more employees.'" <u>Id.</u> (quoting 42 U.S.C. § 2000e(b)).  The Court recognized the dangers in "conflat[ing]" the question of "[s]ubject matter jurisdiction in federal-question cases" with a "merits-related determination" and cautioned against "drive-by jurisdictional rulings."  <u>Id.</u> at 511 (citations omitted).  Noting that nothing in the text of Title VII indicated that the employee numerosity requirement was meant

7

to be jurisdictional, the Court held that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Id. at 516.  Accordingly, the Court concluded that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." Id.

The reasoning of Arbaugh applies to the ADA and the instant case.  As with Title VII, there is no indication in the ADA that the employee numerosity requirement is jurisdictional.  Moreover, it has been recognized that "courts often look to Title VII—which defines 'employer' in essentially the same way as the ADA—for guidance on ADA issues." Reynolds v. Am. Nat. Red Cross, 701 F.3d 143, 155 (4th Cir. 2012); see also Pac. Shores Properties, LLC v. City of Newport Beach, 730 F.3d 1142, 1158 n.19 (9th Cir. 2013) (noting that standards of proof under Title VII apply to ADA claims).

Based on Arbaugh, several courts have determined that the employee numerosity requirement in the ADA is nonjurisdictional.  See Reynolds, 701 F.3d at 155 ("Thus, Arbaugh dictates that the ADA's employee threshold is not a limit on jurisdiction but, rather, an element of the claim itself."); EEOC v. Pines of Clarkston, No. 13-CV-14076, 2015 WL 1951945, at *3 (E.D. Mich. Apr. 29, 2015) ("Proving the

8

threshold number of employees to be considered an 'employer' within the meaning of the ADA is an element of a plaintiff's claim for relief and is not jurisdictional."); Dalton v. Manor Care of W. Des Moines IA, LLC, 986 F. Supp. 2d 1044, 1053 (S.D. Iowa 2013) (finding that "the 'employer' requirement in the ADAAA is nonjurisdictional" and denying Defendants' motion to dismiss for lack of subject matter jurisdiction).  The Court agrees with these rulings based on the Supreme Court's decision in Arbaugh, and accordingly DENIES Defendant's Motion to Dismiss for lack of subject matter jurisdiction.[1]

---

[1] The Court is aware of Fichman v. Media Center, 512 F.3d 1157, 1159-60 (9th Cir. 2008), in which the Ninth Circuit affirmed the decision of the district court which had granted summary judgment on plaintiff's ADA claim for lack of subject matter jurisdiction because the employer at issue had fewer than fifteen employees.  In Fichman, however, the issue on appeal did not involve the question of jurisdiction.  Rather, the question on appeal was whether plaintiff "raised a genuine issue of fact as to whether [plaintiff's employer] employed a sufficient number of employees to be an 'employer' governed by . . . the ADA."  Id. at 1159.  Moreover, in Fichman, as opposed to the instant case, the court considered the issue on a summary judgment motion.

Although the language of the case is not entirely clear, and the Ninth Circuit did not cite to Arbaugh, the court's conclusion that "[h]aving granted judgment on the federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state claims," id. at 1162-63, appears to indicate that the court was ruling on the merits of the case as opposed to determining the district court lacked jurisdiction.  Indeed, if the district court did not have subject matter jurisdiction over the federal claims at issue, it would have no discretion to retain jurisdiction over the state law claims.  See Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001)

(continued . . .)

The Court, however, must also consider Defendant's argument that the Complaint did not sufficiently plead that Defendant was a covered employer. As Defendant notes, Plaintiff's Complaint does not include allegations that Defendant was a covered employer and had the requisite number of employees. Mem., at 7. Because the numerosity requirement is an element of Plaintiff's claim, the Court finds that Plaintiff has failed to state a claim under the ADA. See Gaube v. Day Kimball Hosp., No. 3:13-CV-01845 VAB, 2015 WL 1347000, at *9 (D. Conn. Mar. 24, 2015) (finding plaintiff failed to state a claim under the ADA where complaint did "not allege[] that either defendant employed fifteen or more employees at any time"); Coder v. Medicus Labs., LLC, No. 4:14-CV-7, 2014 WL 2984052, at *2 (E.D. Tex. July 2, 2014) (recommending that the court grant defendant's motion to dismiss an ADA claim pursuant to Rule 12(b)(6) based on plaintiff's failure to plead the numerosity requirement); Mohan v. La Rue Distrib.'s Inc., No. 06-CV-621 FB RLM, 2007 WL 3232225, at *1 (E.D.N.Y. Oct. 31, 2007) (ruling that "[t]he complaint fail[ed] to state a claim because it [did] not allege[] that defendant [was] a 'covered entity' under the

---

( . . . continued)
("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

ADA" and "fail[ed] to allege that defendant employed . . . fifteen or more employees to satisfy the requirements of the ADA."). The Court grants Plaintiff leave to amend to correct this deficiency.[2]

## II. Failure to Plead Disability

Defendant argues that Plaintiff has failed to plead sufficient facts to show that she suffered from a disability. Mem., at 7. The Court agrees.

Under the ADA, a disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual;" "a record of such an impairment;" or "being regarded as having such an impairment[.]"

---

[2] The Court notes that if it were to consider the evidence before it regarding the numerosity requirement, the evidence is insufficient to make a determination as to whether Defendant is a covered employer as defined by the ADA. The only evidence currently before the Court on this issue are self-serving declarations from Burkett indicating that he did not employ the requisite number of employees and an apparently contradictory statement from Burkett in response to an HCRC questionnaire noting that he did employ the requisite number of employees.
Defendant's Reply asserts that many of the employees at LEI "were part time and did not meet the requirements of having worked on 'each working day in each of 20 or more calendar weeks in the current or preceding calendar year.'" Reply, at 3-4. However, this argument is not supported by evidence other than the declaration from Burkett. If Defendant wishes to renew its claim regarding the requisite number of employees (assuming an appropriate amended complaint is filed), it should provide the Court with concrete evidence to support its arguments. This would likely be done in a motion for summary judgment attaching appropriate evidence.

42 U.S.C. § 12102(1).  Plaintiff has failed to plead which of these three definitions apply.  In addition, Plaintiff has not alleged that his disability "substantially limits one or more major life activities" nor has Plaintiff pled facts supporting such an allegation.  Indeed, Plaintiff has failed to identify his disability or provide any facts whatsoever regarding his disability.  Instead, Plaintiff's Complaint contains the barebones assertion that "Plaintiff suffered a work-related injury, which led to his physical disabilities."  Compl. ¶ 8.

Thus, Plaintiff's Complaint fails to plead facts sufficient to state a plausible claim for relief.  See Iqbal, 556 U.S. at 678.  Courts in the Ninth Circuit, including this district court, have found similarly vague and conclusory allegations insufficient.  See, e.g., Jones v. Nat'l R.R. Passenger Corp., No. 15-CV-02726-MEJ, 2016 WL 4538367, at *2 (N.D. Cal. Aug. 31, 2016) (holding disability claim was not sufficiently pled where plaintiff merely stated she used a scooter and was a "qualified individual with a disability"); Khalid v. Bank of Am., N.A., Civ. No. 15-00182 DKW-KSC, 2015 WL 5768944, at *3 (D. Haw. Sept. 30, 2015) (determining that plaintiffs' allegations that "they had 'medical problems,'" "medical complications relating to a" heart blockage, and that one of the plaintiffs "was scheduled for open heart surgery" were insufficient to demonstrate that they were "disabled" under

12

the ADA); Gebelien v. Lay Out Etc., Inc., Civ. No. 11-00596 DAE, 2012 WL 12516602, at *3 (D. Haw. Jan. 20, 2012) (dismissing ADA claim that "merely allege[d]" that plaintiff "'suffer[ed] from a medical illness and occasionally need[ed] medical treatment and medication' and that he 'hurt his back'" because complaint did not provide "details as to the nature of [plaintiff's] alleged illness and back injury, nor [did] it contain any facts showing a substantial impairment of a major life activity"); Drawsand v. F.F. Properties, L.L.P., 866 F. Supp. 2d 1110, 1119, 1121 (N.D. Cal. 2011) (holding claim under the ADA was insufficiently pled where complaint contained "conclusory assertion" that plaintiff was "a disabled veteran"). Accordingly, the Court GRANTS Defendant's Motion to Dismiss on this basis with leave to amend.[3]

---

[3] Defendant additionally claims that Plaintiff will be unable "to truthfully plead that he has suffered a limitation of his major life activities as a result of his forehead laceration or that he was perceived to suffer a limitation of a major life activity because of his transitory and minor injury." Mem., at 9. As noted above, the Complaint does not state the specific disability suffered by Plaintiff and Defendant's claim regarding Plaintiff's forehead laceration is based on evidence not appropriately before the Court at this time. Nonetheless, the Court cautions Plaintiff that any amended Complaint should comport with the requirements of the ADA as amended by the ADAAA.
    Defendant also states in a footnote that Plaintiff failed to properly plead a timely EEOC filing. Mem., at 9 n.6. Defendant has not provided further argument on this issue and the Complaint states that "[t]he administrative prerequisites for filing this cause of action have been fulfilled." Compl. ¶ 6. Thus, the Court does not find a reason to dismiss the Complaint on this basis at this juncture.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss Plaintiff Thomas P. Kirsch's Complaint Against LEI Floor and Window Coverings, Inc., ECF No. 8. The Court DENIES Defendant's Motion to Dismiss for lack of subject matter jurisdiction, but GRANTS Defendant's Motion to Dismiss for failure to state a claim. The Complaint is DISMISSED WITHOUT PREJUDICE and with leave to amend. The Court DENIES Defendant's request for attorneys' fees and costs as the request is premature.

Plaintiff must file any amended complaint within thirty days of the entry of this Order or else judgment will be entered against him and this action will be closed. Any amended complaint must correct the deficiencies noted in this Order or Plaintiff's claims may be dismissed with prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 9, 2017.



_____
Alan C. Kay
Sr. United States District Judge

Thomas P. Kirsch v. LEI Floor and Window Coverings, Inc., Civ. No. 16-00284 ACK-RLP Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Plaintiff Thomas P. Kirsch's Complaint Against LEI Floor and Window Coverings, Inc.